IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Daniel Owens, #356538,           )<br>                                  )<br>            Petitioner,           )<br>                                  )<br>v.                                )<br>                                  )<br>Warden Cohen,                     )<br>                                  )<br>            Respondent.           )<br>_____)  | C/A No. 4:20-cv-2945-MBS<br><br>**ORDER** |

      Petitioner Daniel Owens is a prisoner in custody of the South Carolina Department of Corrections who currently is housed at Ridgeland Correctional Institution in Ridgeland, South Carolina. On August 6, 2020, Petitioner initiated this action by filing a motion for extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On August 17, 2020, the Magistrate Judge issued an order stating he would not yet rule on the motion for extension of time and directing Petitioner to bring the case into proper form within 21 days; the Magistrate Judge advised that failure to bring the case into proper form could result in the court summarily dismissing the case. ECF No. 7. Petitioner thereafter, on August 31, 2020, filed a pro se petition for relief under § 2254. ECF No. 12. Petitioner also filed a "motion for abeyance," asking for "abeyance pending private independent process . . . ." ECF No. 11. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

On August 14, 2013, following a jury trial, Petitioner was sentenced in Marion County to a prison term of 35 years for one count of criminal sexual conduct or attempt with a minor under 11 years of age, first degree, and one count of committing or attempting a lewd act upon a child under the age of 16. Petitioner filed a direct appeal, which the South Carolina Court of Appeals denied on March 18, 2015. Petitioner then filed his first application for Post-Conviction Relief in state court on April 28, 2015, on the basis of ineffective assistance of counsel. ECF No. 12 at 3. The remittitur was issued December 6, 2019 and received in the lower court on December 9, 2019.[1]

On September 15, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the court summarily dismiss this action. ECF No. 17. The Magistrate Judge reviewed the Petition pursuant to the rules governing § 2254 cases, the Antiterrorism and Effective Death Penalty Act of 1955, and other legal precedents, and acknowledged the liberal construction due to pleadings filed by pro se litigants. The Magistrate Judge noted that Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. §§ 2254 or 2241, and that Petitioner can seek either remedy only after he has exhausted his state court remedies. ECF No. 17 at 2. The Magistrate Judge then found that Petitioner's sole ground for habeas relief is "conditional acceptance of value-private administrative process," with the following alleged supporting facts:

> Not being a signatory to the federal or the state of South Carolina constitution nor a party to the social contract, not being named in the statute, or given notice of any agreement, the respondent lack[ed] jurisdiction imposed by the state of South Carolina in respect to judgment and/or time received.

*Id.* at 3 (citing ECF No. 12 at 5). Noting that Petitioner states in his Petition that exhaustion of this ground for relief is pending, ECF No. 12 at 5, the Magistrate Judge concluded that the sole ground

---

[1] *See generally* https://publicindex.sccourts.org/Marion/PublicIndex/.

for relief appears to be both improper and not exhausted. ECF No. 17 at 3-4. Accordingly, the Magistrate Judge recommends that the court summarily dismiss the Petition. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation. ECF No. 17 at 6.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Petitioner has not filed an objection to the Report and Recommendation and the deadline for doing so has expired. Nevertheless, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No. 17, is incorporated herein by reference. The Petition is dismissed without prejudice and the Respondent is not required to file a return. The motion for extension of time, ECF No. 1, and motion for abeyance, ECF No. 11, are denied as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims

3

by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: October 13, 2020
Charleston, South Carolina